**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DEVELOPERS SURETY & INDEMNITY CO.,

                Plaintiff,

vs.                                    Case No. 3:15-cv-655-J-34PDB

LEWIS WALKER ROOFING, a Florida corporation, LEWIS G. WALKER and HEATHER C. WALKER, individually,

                Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On May 26, 2015, Plaintiff filed the Developers Surety & Indemnity Company's Complaint (Doc. 1; Complaint) asserting that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. See Complaint at 3. Specifically, Plaintiff alleges that it is "a corporation with its principal place of business in California, and incorporated in Iowa." Id. at 2. Plaintiff further alleges that Defendant Lewis Walker Roofing, the "defendant corporation," "maintains its principal place of business in Florida." Id. at 3. In addition, Plaintiff states that the individual Defendants, Lewis G. Walker and Heather C. Walker, are "residents and citizens of the State of Florida." Id. Although Plaintiff adequately alleges its own citizenship and that of the individual Defendants, it fails to properly identify the citizenship of Defendant Lewis Walker Roofing. See generally id.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. Relevant to this action, for the purposes of establishing diversity jurisdiction, a corporation "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 81 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Here, although Plaintiff alleges Lewis Walker Roofing's principal place of business, Plaintiff fails to identify its states of incorporation. Accordingly, the Court is unable to discern the citizenship of this Defendant. Thus, Plaintiff has failed to allege sufficient facts for this Court to determine whether it has jurisdiction over the instant action.

In addition, upon further review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." A shotgun complaint "contains several counts, each one

incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, each count in the four-count Complaint incorporates by reference all allegations of the preceding counts. See generally Complaint.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases).  As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources."  Cramer, 117 F.3d at 1263.  When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure.  See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader.")  (citing Byrne

v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151 (11th Cir. 2011)).

In light of the foregoing, the Court will give Plaintiff an opportunity to file an amended complaint which properly establishes diversity of citizenship between the parties such that this Court has jurisdiction over this action,[1] and corrects the shotgun nature of the Complaint.

Accordingly, it is **ORDERED**:

1. Developers Surety & Indemnity Company's Complaint (Doc. 1) is **STRICKEN**.
2. Plaintiff shall file an amended complaint curing the shotgun nature of the Complaint and curing the jurisdictional deficiencies on or before **June 16, 2015**. Failure to do so may result in a dismissal of this action.
3. Defendants shall respond to any amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville Florida, this 2nd day of June, 2015.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record

---

[1] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").