**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DEVELOPERS SURETY &
INDEMNITY CO.,

        Plaintiff,

                                    Case No. 3:15-cv-655-J-34PDB

vs.

LEWIS WALKER ROOFING, a Florida
Corporation, LEWIS G. WALKER, and
HEATHER C. WALKER,

        Defendants.

_____/

**O R D E R**

    **THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 33; Report), entered by the Honorable Patricia D. Barksdale, United States Magistrate Judge, on July 25, 2016.  In the Report, Judge Barksdale recommends that the Court grant in part and deny in part Plaintiff Developers Surety & Indemnity Co.'s (Developers) motion for summary judgment against Defendants Lewis G. Walker and Heather C. Walker (collectively, Walkers), and deny without prejudice Developers' motion for default judgment against Lewis Walker Roofing (LWR).  See Report at 28–29; see also Plaintiff's Motion for Summary Judgment and Incorporated Statement of Material Facts and Memorandum of Law in Support (Doc. 20; Motion for Summary Judgment), filed on September 14, 2015; Plaintiff's Motion for Default Judgment and Memorandum of Law in Support (Doc. 29; Motion for Default Judgment), filed on February 3, 2016.  Developers filed objections to the Report on August 8, 2016; no Defendant responded to the objections.  See Plaintiff's Objections to Magistrate's Report and Recommendation (Doc. 34; Objections).  On

September 22, 2016, the Court conducted a hearing on the Motions at which counsel for Developers, Lewis Walker, and Heather Walker were present.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of fact are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

Upon independent review and for the reasons stated in the Magistrate Judge's Report, the Court will adopt in part and decline to adopt in part the Magistrate Judge's recommended resolution of the Motion for Summary Judgment. Specifically, the Court will adopt the Report to the extent that the Court will treat the following facts as undisputed for the remainder of the action: (1) the Walkers breached the indemnity agreement; (2) Developers incurred resulting losses; (3) there are facts for which there is coverage; (4) the amounts paid by Developers to bond claimants ($498,747.97) and to LWR ($82,041.33) are reasonable; and (5) Developers received $652,024.15 through the state court litigation in Georgia. The Court further adopts the Magistrate Judge's determination that, viewing the facts in the light most favorable to Defendants, Developers has not established that the amounts requested attributable to Qualex and counsel's attorney's fees and costs are reasonable. In reaching this conclusion, the Court declines to adopt the Magistrate Judge's discussion of Developers' counsel's incremental billing practice, as

Developers had no opportunity to respond to that discussion and the Court finds it unnecessary to its ultimate decision.   Additionally, the Court declines to adopt the Magistrate Judge's recommendation that the Court deny the Motion for Default Judgment. Instead, the Court will defer ruling on the Motion for Default Judgment until the final resolution of the total amount due to Developers.

Accordingly, it is **ORDERED**:

1.      Plaintiff's Objections to Magistrate's Report and Recommendation (Doc. 34) are **SUSTAINED** in part, and **OVERRULED** in part, as follows:

    a. With respect to the discussion of the attorney's incremental billing practices and the recommendation to deny Plaintiff's Motion for Default Judgment and Memorandum of Law in Support (Doc. 29), the Objections are **SUSTAINED** in that the Court declines to adopt those portions of the Report and Recommendation.

    b. In all other respects, the Objections are overruled and the remainder of the Report and Recommendation is **ADOPTED** as the opinion of the Court with regard to Plaintiff's Motion for Summary Judgment and Incorporated Statement of Material Facts and Memorandum of Law in Support (Doc. 20).

2.   Plaintiff's Motion for Summary Judgment and Incorporated Statement of Material Facts and Memorandum of Law in Support (Doc. 20) is **GRANTED in part** such that the following facts will be treated as undisputed for the remainder of the action: (1) Defendants breached the indemnity agreement; (2) Developers incurred losses resulting from such breach; (3) Developers made payments to

3

bond claimants ($498,747.97) and to LWR ($82,041.33), which are due to be reimbursed to Developers; (4) the amount of losses incurred by Developers was reduced by the Georgia state court recovery ($652,024.15); (5) Developers is entitled to be reimbursed for its reasonable attorney's fees and costs and consulting fees.

3. Plaintiff's Motion for Summary Judgment and Incorporated Statement of Material Facts and Memorandum of Law in Support (Doc. 20) is **DENIED in part** such that the issue of the amount of reasonable attorney's fees and costs and consulting fees remains to be resolved.

4. The Court will defer ruling on Plaintiff's Motion for Default Judgment and Memorandum of Law in Support (Doc. 29) pending resolution of the total amount due to Developers.

5. This matter will proceed to a bench trial on November 3, 2016, at 10:00 a.m.

**DONE AND ORDERED** in Jacksonville, Florida, this 26th day of September, 2016.

MARCIA MORALES HOWARD
United States District Judge

lc20

Copies to:

Counsel of Record

Pro Se Parties